**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**HERNA RENIERY MENDIETA,**
                 **Petitioner,**

**-vs-**                                                                                 **Case No.  A-21-CV-125-RP**

**BOBBY LUMPKIN,**
                 **Respondent.**

## **ORDER**

Before the Court are Petitioner Herna Reniery Mendieta's Petition for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 8) and response to the Court's order to show cause (Documents 5, 7). Petitioner, proceeding pro se, was granted leave to proceed in forma pauperis but subsequently paid the full filing fee for this action. For the reasons set forth below, the undersigned revokes Petitioner's in forma pauperis status and dismisses as time-barred Petitioner's Petition for Habeas Corpus Relief.

Petitioner challenges his conviction in cause number 10-1522-K368 out of Williamson County, Texas. Pursuant to a plea agreement, Petitioner pleaded guilty to murdering his wife and the aggravated assault of another victim. In return the prosecutor agreed not to charge Petitioner with capital murder and seek the death penalty. On February 2, 2011, Petitioner was sentenced pursuant to the plea agreement to 60 years for murder and 20 years for aggravated assault. Petitioner waived his right to appeal.

Petitioner asserts he filed a state application for habeas corpus relief on June 8, 2020. On September 9, 2020, the Texas Court of Criminal Appeals denied it without written order on the findings of the trial court without a hearing. *Ex parte Mendieta*, No. WR-91,629-01.

Petitioner's current wife filed Petitioner's federal petition on February 4, 2021. Because Petitioner's wife is not an attorney and failed to provide any reasons why Petitioner could not sign his petition, the unsigned petition was returned to Petitioner for signature. The Court also ordered Petitioner to show cause why his petition should not be dismissed as time-barred. The Court received the signed petition and response to the Court's show cause order on March 9, 2021.

The AEDPA provides for a one-year limitation period during which a state prisoner may seek federal habeas review of his judgment of conviction, running, in this case, from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

Petitioner's conviction became final, at the latest, on March 4, 2011, at the conclusion of time during which he could have appealed his conviction. *See* TEX. R. APP. P. 26.2(a). Petitioner's state application did not operate to toll the limitations period, because it was filed more than eight years after the limitations period had expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period). Therefore, Petitioner had until March 4, 2012, to timely file his federal petition. Petitioner did not file his federal petition until February 4, 2021, nearly nine years after the limitations period expired.

In response to the Court's order to show cause, Petitioner asserts an attorney hired by his family, not the attorney who represented him in his criminal case, advised him he had to wait at least ten years to "appeal" his case. He claims this attorney told him to wait ten years to "reopen" his case and the attorney promised to help him get out. Petitioner does not indicate when he consulted with

this attorney about his post-conviction remedies and admits he signed papers waiving his right to a direct appeal.

In 2019 Petitioner remarried and asked his wife to contact the lawyer, who allegedly advised Petitioner to wait ten years. According to Petitioner, the attorney advised to wait five more years.

Petitioner states his wife subsequently researched the law, investigated his case, and discovered new evidence to prove prosecutorial vindictiveness and ineffective assistance of counsel. After this, Petitioner claims he and his wife "started the appeal process."

Petitioner alleges no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Petitioner bears the burden of establishing equitable tolling is appropriate. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (2000) (per curiam).

A petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling). Also, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). Petitioner's circumstances are not extraordinary and did not prevent him from discovering the appropriate limitations period and filing a timely application.

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Petitioner waited nearly five months after the Court of Criminal Appeals denied his state application before he filed his federal petition. He provides no excuse for the delay.

Petitioner may be contending the untimeliness of his application should be excused, because he is actually innocent of murder and should have been convicted of involuntary manslaughter. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998). In this case, Petitioner has made no valid attempt to show he was actually innocent of the crimes to which he previously pleaded guilty.

Accordingly, it is hereby **ORDERED** that Petitioner's in forma pauperis status is **REVOKED**. Petitioner paid the full filing fee for this action.

It is further **ORDERED** that Petitioner's Petition for Habeas Corpus Relief is **DISMISSED WITH PREJUDICE** as time-bared.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on March 15, 2021.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE